J-S03035-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MAHMOUD ABUHADBA | : | |
| | : | |
| Appellant | : | No. 1931 EDA 2022 |

Appeal from the PCRA Order Entered July 1, 2022
In the Court of Common Pleas of Monroe County
Criminal Division at No(s):  CP-45-CR-0000704-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MAHMOUD ABUHADBA | : | |
| | : | |
| Appellant | : | No. 1933 EDA 2022 |

Appeal from the PCRA Order Entered July 1, 2022
In the Court of Common Pleas of Monroe County
Criminal Division at No(s):  CP-45-CR-0000700-2015

BEFORE:  BOWES, J., McCAFFERY, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                    **FILED APRIL 12, 2023**

Mahmoud Abuhadba ("Abuhadba") appeals from the orders dismissing the petitions he filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

We summarize the factual and procedural history of this appeal as follows.  In March of 2015, Abuhadba was on parole for convictions from 2013.

---

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

The Pennsylvania State Police suspected Abuhadba's involvement in trafficking drugs, and state troopers, along with Abuhadba's parole officer, surveilled Abuhadba and observed suspected drug transactions at his house.  Later that day, Abuhadba's parole officer moved in on foot to stop Abuhadba from driving away from his house.  As Abuhadba subsequently admitted, he possessed heroin with the intent to deliver at the time, drove away as his parole officer was opening Abuhadba's car door, put the officer in fear of serious imminent bodily injury by physical menace, and drove while under the influence of heroin.  *See* Guilty Plea Form, 10/2/15, at 1.

The Commonwealth charged Abuhadba with aggravated assault and other offenses related to his flight from his parole officer at docket number 700 of 2015 ("docket 700 of 2015") and possession of a controlled substance with the intent to deliver ("PWID") and driving under the influence ("DUI") at docket number 704 of 2015 ("docket 704 of 2015") (collectively, the "present cases").  In September 2015, Abuhadba, who was represented by counsel ("plea counsel"), entered open guilty pleas to the aggravated assault at docket 700 of 2015 and PWID and DUI at docket 704 of 2015.  The trial court accepted Abuhadba's pleas and subsequently held a sentencing hearing.  During the sentencing hearing, the parties and the trial court discussed Abuhadba's pending parole violations for his prior convictions:  Abuhadba's plea counsel noted that Abuhadba would be separately punished for his parole violations, but that due to his prior convictions, Abuhadba's prior record score was higher than counsel had anticipated.  *See* N.T., 12/8/15, at 4-6, 8.

Abuhadba declined the trial court's invitation to withdraw his guilty pleas in the present cases. *See id*. at 6. The trial court then sentenced Abuhadba to an aggregate term of imprisonment of five to ten years. Additionally, the trial court ordered restitution at docket 700 of 2015 for the parole officer's medical costs and ordered credit for time served. Abuhadba filed timely motions for reconsideration of the sentences, which the trial court denied on December 23, 2015. Abuhadba did not file a direct appeal.

In 2019, Abuhadba filed a prior *pro se* PCRA petition at docket 700 of 2015 challenging the imposition of restitution. The PCRA court appointed counsel, but, following a hearing, dismissed Abuhadba's petition as untimely in June 2021. Abuhadba did not file an appeal.

Abuhadba, acting *pro se*, filed PCRA petitions in the present cases in July 2021.[2] The PCRA court appointed present counsel ("PCRA counsel"), who filed amended petitions asserting that Abuhadba recently obtained information from the Department of Corrections ("DOC") that he began serving the sentences in the present cases in May 2021, after he served the backtime for his parole violations.[3] *See* Amended PCRA Petition, 10/25/21, at 4-5.

_____

[2] Abuhadba filed the instant PCRA petition, technically, his second, at 700 of 2015 before the time for appealing the dismissal of his first PCRA petition at 700 of 2015. Because Abuhabda did not appeal the order dismissing the previous PCRA petition at docket 700 of 2015, the PCRA court retained jurisdiction to consider the second PCRA petition. *See Commonwealth v. Zeigler*, 148 A.3d 849, 852 (Pa. Super. 2016).

[3] *See* 61 Pa.C.S.A. § 6138(a)(5)(i)(requiring a parolee to serve the balance of his original sentence before serving a new sentence).

Abuhadba's petition asserted plea counsel's ineffectiveness for failing to inform him that the sentences in the present cases would run consecutively to his backtime. *See id*. at 5-6. He alleged that he would not have pleaded guilty had he known that the sentences in the present cases would begin running in 2021, rather than 2015 when the trial court imposed the sentence. *See id*. at 8.

Abuhadba attached to the petitions numerous exhibits, including: (1) a copy of a July 2016 DC16-E form stating that Abuhadba's maximum backtime sentences for his prior convictions would expire in 2021 and that the DOC had lodged detainers for the present cases, *see* Amended PCRA Petition, 7/19/21, Exhibit A, at 1, 4; (2) Abuhadba's April 2019 inmate request form asking for DOC forms concerning the sentences in the present cases, to which a staff member replied that Abuhadba needed to ask the trial court for the forms, *see id*., Exhibit D, at 1 (unnumbered); and (3) Abuhadba's May 2021 inmate request form asking about the status of his sentences, and the staff member's answer, "You rolled to a new number." *See id*., Exhibit D, at 2 (unnumbered). The staff member also indicated that a counselor had already explained why Abuhadba was still in prison after serving the backtime for his parole violations. *See id*., Exhibit D, at 2 (unnumbered).[4]

_____

[4] Abuhadba's *pro se* PCRA petitions had attached a May 2021 DL-16E form, which indicated the sentences in the present cases would commence on May 20, 2021. PCRA counsel appears to have inadvertently used a duplicate copy of the July 2016 DL-16E form instead of the May 2021 form as Exhibit C
*(Footnote Continued Next Page)*

The PCRA court held hearings, at which Abuhadba and plea counsel testified, and considered supplemental briefs from the parties. On July 1, 2022, the PCRA court dismissed the PCRA petitions concluding that they were untimely and, in any event, lacked merit. Abuhadba timely appealed, and both he and the PCRA court complied with Pa.R.A.P. 1925.[5] This Court consolidated these appeals.

Abuhadba raises the following issues for review:

1. . . . Abuhadba['s PCRA] petition was timely under the one (1) year statutory exception, 42 Pa.C.S.A. § 9545(b)(1)(ii) or the newly discovered [facts] exception.

2. [Abuhadba's] guilty plea was not knowingly and voluntarily entered and was the product of ineffective assistance of counsel.

Abuhadba's Brief at 2.

Our standard of review is well settled:

Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the record in the light most favorable to the prevailing party in the PCRA Court. We are bound by any credibility determinations made by the PCRA court where they are supported by the record. However, we review the PCRA court's legal conclusions *de novo*.

---

throughout these proceedings. This oversight, however, does not affect our disposition.

[5] The PCRA court concluded that its order and opinion of July 1, 2022, addressed the issues raised in Abuhadba's Pa.R.A.P. 1925(b) statement. We cite to the court's July 1, 2022 order and opinion as the "PCRA Court Opinion."

*Commonwealth v. Staton*, 184 A.3d 949, 954 (Pa. 2018) (internal citation and quotations omitted).

Under the PCRA, any petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Abuhadba concedes that the instant PCRA petitions, which he filed in 2021, were facially untimely because he did not file within one year of his convictions becoming final in 2016. In his first issue, he asserts that he established an exception to the PCRA's timeliness requirements.

Pennsylvania courts may consider an untimely PCRA petition if the petitioner can plead and prove one of three exceptions set forth in section 9545(b)(1)(i)-(iii). *See Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa. Super. 2013) (providing that a PCRA court must dismiss an untimely petition if no exception is pleaded and proven). Section 9545(b)(1)(ii) provides an exception to the PCRA's timeliness requirement if "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S.A. § 9545(b)(1)(ii).

The focus of this exception is on newly discovered facts, not on a newly discovered or newly willing source for previously known facts. **See Commonwealth v. Lopez**, 249 A.3d 993, 1000 (Pa. 2021). "Due diligence demands that the petitioner take reasonable steps to protect his own interests." **Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa. Super. 2015) (internal citation omitted).

Abuhadba argues that he first learned that the sentences in the present cases commenced in May 2021, when he received DOC forms that same month, and exercised reasonable diligence when discovering the information necessary to seek relief. He asserts that he did not know he would have to serve the backtime for his parole violations before serving the sentences in the present cases and that neither the trial court nor plea counsel ensured he was aware of all legal ramifications of his pleas. He adds that under these circumstances, a court cannot impute to him knowledge of the law requiring service of backtime for violations of parole before new sentences.[6]

The PCRA court initially noted that Abuhadba apparently misunderstood 61 Pa.C.S.A. § 6138(a)(5), which required to him to serve the backtime for

_____

[6] Abuhadba also alleges that plea counsel had a deficient knowledge of the law about the service of backtime for parole violations and that deficiency constitutes ineffectiveness. However, it is well settled that allegations of prior counsel's ineffectiveness do not state an exception to the PCRA timeliness requirements unless prior counsel's ineffectiveness rose to the level of ineffectiveness *per se*. **See Commonwealth v. Peterson**, 192 A.3d 1123, 1130 (Pa. 2018). Abuhadba does not argue *per se* ineffective assistance of counsel as a new fact. Moreover, Abuhadba does not allege that plea counsel affirmatively misrepresented the order in which his backtime for the parole violations and the sentences in the present cases would run.

his parole violations before the sentences in the present case. **See** PCRA Court Opinion, 7/1/22, at 10-11 (unnumbered). Nevertheless, the PCRA court concluded that Abuhadba failed to state a timeliness exception under section 9545(b)(1)(ii) because the sentencing transcript made clear that his parole violations would result in sentencing consequences additional to the sentences in the present cases. **See id**. at 11-12 (unnumbered). The PCRA court credited plea counsel's testimony that he discussed the parole violation consequences with Abuhadba and Abuhadba knew that the consequences of his parole violations could not be determined until after sentencing in the present cases. **See id**. Further, the PCRA court noted that Abuhadba could have obtained at any time the information that claimed he first learned in May 2021, and that Abuhadba took no further steps to investigate his sentences after asking for DOC sentencing forms in 2019. **See id**. at 12-13. In sum, the PCRA court concluded that Abuhadba failed to establish that the facts upon which his claim was predicated were unknown or could not be discovered by the exercise of due diligence in discovering the fact that the sentences in the present cases would begin to run in May 2021. **See id**. at 13.

Following our review, we conclude that the record supports the PCRA court's finding and its conclusion that Abuhadba did not exercise due diligence is free of legal error. The parties' statements at the sentencing hearing and plea counsel's testimony at the PCRA hearing support the PCRA court's finding that Abuhadba knew his parole violation would result in prison time additional to the sentence in the present cases. **See** PCRA Court Opinion, 7/1/22, at 11-

12; *see also* N.T., 2/3/22, at 9-11; N.T., 12/8/15, at 4-6, 8   Abuhadba had further notice that the maximum date of his backtime for his parole violations ended in May 2021 and the DOC had lodged detainers for him based on the sentences in the present cases in 2016, when he received the July 2016 DL-16E form.  *See* PCRA Court Opinion, 7/1/22, at 12-13; *see also* Amended PCRA Petition, Exhibit A.  We also agree with the PCRA court that Abuhadba's 2019 inmate requests for information about the sentences in the present cases evidenced his concern about how these sentences would run with his backtime for his parole violations.  *See* PCRA Court Opinion, 7/1/22, at 12-13; *see also* Amended PCRA Petition, Exhibit D at 1 (unnumbered).  Additionally, at that same time, Abuhadba had filed his first PCRA petition in docket 700 of 2015, and the PCRA court had appointed counsel in that matter.  However, nothing in the record shows he took any steps to clarify his concerns that he would serve his sentences in the present case to consecutive to his parole backtime.

For these reasons, we conclude that the PCRA court properly rejected Abuhadba's assertions that the May 2021 forms constituted a newly discovered fact that the sentences in the present cases would not commence until after he served the backtime for his parole violations.  Abuhadba failed to demonstrate that he obtained a newly discovered fact or that he exercised due diligence in discovering this information earlier.  Thus, his arguments

predicated upon the PCRA time-bar exception in section 9545(b)(1)(ii) merit no relief. **See Staton**, 184 A.3d at 954.[7]

Order affirmed.

Judgment Entered.

*Joseph D. Seletyn*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/12/2023

---

[7] Because Abuhadba has not demonstrated an abuse of discretion or error of law in the PCRA court's conclusion his petitions were untimely, we agree with the PCRA court that it lacked jurisdiction to address the merits of the instant PCRA petitions. **See Albrecht**, 994 A.2d at 1093. Accordingly, we will not address the merits of Abuhadba's second issue on appeal challenging plea counsel's ineffectiveness as a basis to withdraw his pleas.